**CITY OF COLUMBUS, Plaintiff,**

v.

**KAMBI, Defendant.**

2010-Ohio-4260.]

Franklin County Municipal Court,
Columbus, Ohio.

No. 2010 TRD 123087.

Decided June 1, 2010.

Richard C. Pfeiffer Jr., Columbus City Attorney, and Melanie Tobias, Assistant Prosecutor, for plaintiff.

Michael J. Yemc Jr., for defendant.

TAYLOR, Judge.

{¶ 1} This matter came on for trial on May 24, 2010. A court reporter was present to record the testimony of the witnesses. Prior to the trial, the city amended the complaint and entered into a stipulation with defendant, Ahmed M. Kambi, that if he were found guilty of the charge of speeding, the court would

find that the defendant's speed was 59 miles per hour in a 55-mile-per-hour zone, making the charge a no-points offense.

{¶ 2} The court heard testimony from Dick McCreary, who was duly qualified as an expert witness in the operation of the LTI TruCAM laser speed detector.

{¶ 3} Based upon the testimony presented and the exhibits admitted at trial, the court found the defendant guilty of the charge of speeding (no points) and sentenced the defendant accordingly.

{¶ 4} This trial was the first opportunity for the court to hear testimony regarding the scientific principles that support the use of the LTI TruCAM as a device to measure speed. For this reason, the court makes the following findings of fact regarding the use of the LTI TruCAM.

## FINDINGS OF FACT

{¶ 5} 1. The LTI TruCAM is a lidar laser that works on the same scientific principles as the LTI UltraLyte 20/20, according to McCreary, an electrical engineer from Ohio Calibration Laboratories, who conducted scientific tests on the LTI TruCAM to confirm its accuracy as a reliable speed-measuring device. He tested the LTI TruCAM using objects traveling at known speeds and at known distances from the device, and it gave accurate results. Columbus Police Officer Robert Barrett also confirmed that the LTI TruCAM is operated in the same fashion as the UltraLyte 20/20, but it has a digital recording device that allows the officer to watch the laser strike the subject's vehicle. Neither the Ohio legislature nor the city of Columbus has adopted rules for the use of the LTI TruCAM. The court holds that for the results of the laser speed detector to be admissible, the officer must show that he or she knows how to use and calibrate the device, including the LTI TruCAM video functions.

{¶ 6} 2. The LTI TruCAM records a 24-frame, color, digital recording of the laser's contact with the subject vehicle. At the trial, Officer Barrett presented a digital recording that showed several vehicles traveling on the highway when the laser beam made contact with the front license plate of Kambi's vehicle. This contact was illustrated by a small red and white circle called a reticle. The digital photo confirms that the contact was directly with the target vehicle's license plate. More importantly, the digital photo confirms that the LTI Tru-CAM recorded the speed of the defendant's vehicle, not some other vehicle.

{¶ 7} 3. The LTI TruCAM displays in the digital photograph the measured speed of the target vehicle (target speed), the distance of the vehicle from the LTI TruCAM's scope, and the speed preset by the officer (trigger speed). When

the officer is using the LTI TruCAM in his or her regular duties, he or she will first make a visual estimation of a vehicle's speed. The officer may use the preset feature that allows the officer to establish at what vehicle speed the LTI TruCAM will record and photograph the speed of the target vehicles. For example, if the posted speed limit is 55 miles per hour, the officer could preset a speed of 70 miles per hour, and then the LTI TruCAM would record only speeds in excess of 70 miles per hour, thus avoiding the unnecessary digital recording of slower vehicles. The digital photograph will list this preset speed as the "trigger speed."

{¶ 8} 4. The LTI TruCAM is reliable and accurate as a scientific measure of the speed of a moving object and can be used by law-enforcement personnel to measure vehicle speed, provided that the device is calibrated and used as set forth herein.

*Calibration*

{¶ 9} a. The LTI TruCAM must be calibrated prior to the start of each shift using three calibration tests in accordance with the manufacturer's directions.

{¶ 10} b. The first test confirms scope alignment using the laser's test tone reflecting off a fixed object at a known distance.

{¶ 11} c. The second and third tests measure known distances to ensure the LTI TruCAM produces an accurate result. Typically the distances are 175 and 125 feet.

*Operation*

{¶ 12} a. The LTI TruCAM must be stationary when used.

{¶ 13} b. The device must be pointed so that the red dot on the scope is aligned with a reflective area (such as a license plate) on the target vehicle.

{¶ 14} c. The target vehicle must be moving either directly toward or away from the laser or at no more than a slight angle.

## CONCLUSIONS OF LAW

{¶ 15} This case is before the court for the purpose of taking judicial notice of the LTI TruCAM's reliability as a speed-measuring device. *State v. Kincaid* (2003), 124 Ohio Misc.2d 92, 2003-Ohio-4632, 796 N.E.2d 89, ¶ 10–12 states:

To resolve this issue, the court must examine the elements of an expert's testimony that are necessary to determine the construction, accuracy, reliability, and method of operation of a laser speed-measuring device.

First, the trial court must receive expert testimony that laser technology is generally accepted as a reliable and accurate way to measure speed and to confirm that the device in question is based on that technology. Second, the

expert must verify the construction, accuracy, reliability, and method of operation of the electronic speed-measuring device (radar or laser). Once the expert's testimony is received and accepted on each branch, the court may then take judicial notice of these factors in all future cases involving such device * * *.

The expert's testimony must satisfy three foundational requirements: (1) The person testifying must be qualified and accepted as an expert in the field of laser (or radar) technology. (2) That laser (or radar) technology, when used to measure speed, is based on principles commonly accepted as reliable in the scientific community. (3) That the particular device is constructed according to those scientific principles and produces an accurate and reliable result.

{¶ 16} If all the conditions and procedures listed herein in ¶ 9 through 14 are applied, the court finds that the LTI TruCAM laser speed detector is an accurate and scientifically reliable measure of speed with a margin of error within minus 2 to plus 1 miles per hour of the actual speed of the object, provided that the object is at least 30 feet from the laser. These margins of error were found by this court to be accurate for laser speed-measuring devices. See *Columbus v. Barton* (1994), 106 Ohio Misc.2d 17, 733 N.E.2d 326.

{¶ 17} Accordingly, the court takes judicial notice that the LTI TruCAM is reliable and accurate as a scientific measure of the speed of a moving object and can be used by law-enforcement personnel to measure vehicle speed.

Judgment accordingly.